375 P.2d 18

**MERRITT–CHAPMAN & SCOTT CORPORA-TION, a corporation, Appellant,**

**v.**

**Bernice M. FRAZIER, Robert C. Frazier, Jr., Linda Joy Frazier, Kent M. Frazier, Cleveland J. Frazier, the Industrial Commission of Arizona, and Jack Cummard, Henry Larson and Alfred Kleindienst, Members of the Industrial Commission of Arizona, Mountain States Construction Company, Earl Cooper and H. E. Donoho, Appellees.**

**No. 6857.**

Supreme Court of Arizona,

En Banc.

Oct. 10, 1962.

Rehearing Denied Nov. 7, 1962.

---

Shimmel, Hill, Kleindienst & Bishop, Phoenix, for appellant.

Langerman & Begam, Phoenix, for appellees Frazier, Mountain States Construction Company, Earl Cooper and H. E. Donoho.

Donald J. Morgan and John R. Franks, Phoenix, for The Industrial Commission of Arizona.

JENNINGS, Justice.

This is an appeal from a judgment of dismissal of appellant's suit for a declaratory judgment. The facts are as follows: Robert C. Frazier (hereinafter called decedent) was accidentally killed when struck by falling rock at the site of the Glen Canyon Dam on August 24, 1957. At the time he was employed by Mountain States Construction Company who was engaged in the performance of a contract at the Dam. Appellant (hereinafter called plaintiff) was engaged in the performance of a separate contract at the dam.

On September 28, 1957, Bernice M. Frazier, decedent's widow and the mother of four minor children, filed a claim for death benefits under the Arizona Workmen's Compensation Act (hereinafter called Act). On December 3, 1957, the Industrial Commission (hereinafter called Commission) entered its findings and award whereby Mrs. Frazier and her children were awarded death benefits. No motion for rehearing was ever made to review or set aside the award. However, on December 23, 1957 Mrs. Frazier filed with the Commission an instrument entitled "Election of Remedy" wherein she elected to proceed against a third party tort-feasor for damages rather than to take compensation un-

der the Act. On January 14, 1958 the Commission entered an order suspending and withholding the payment of the award pending Mrs. Frazier's prosecution of all claims for damages arising from the accident or until further order of the Commission. On July 3, 1958 Mrs. Frazier, on behalf of herself and the decedent's four minor children, commenced an action in the United States District Court for Arizona against plaintiff herein under the Arizona Death Statute for damages for the death of the decedent, which allegedly was caused by the negligence of the plaintiff. Before that action was adjudicated plaintiff instituted this action against Mrs. Frazier, her four minor children, Mountain States Construction Company (decedent's employer— hereinafter called employer), Earl Cooper and H. E. Donoho (the project manager and construction superintendent of Mountain States Construction Company), and the Industrial Commission for a declaratory judgment to determine the rights, status and legal relations of the parties. The defendants moved to dismiss upon the ground that the complaint and amended complaint failed to state a claim against defendants upon which relief could be granted. The plaintiff elected to stand upon its amended complaint and judgment of dismissal was thereupon entered.

Plaintiff's single assignment of error involves the issue of whether the amended complaint stated a claim upon which plain-

tiff was entitled to relief. Plaintiff contends that a cause of action for declaratory relief under the Uniform Declaratory Judgments Act (A.R.S. §§ 12–1831 to 12–1846) was stated in the complaint and amended complaint.

■ It was never intended that the relief to be obtained under the Declaratory Judgment Act should be exercised for the purpose of trying issues involved in cases already pending. Staley Elevator Co., Inc. v. Otis Elevator Co., 35 F.Supp. 778 (D.C. N.J.1940). See also Borchard, Declaratory Judgments, 2d Ed., pp. 302, 350, 351. Generally, declaratory relief will be denied when the issue presented by the action is already pending in another forum. Burton v. Lester, 227 La. 347, 79 So.2d 333 (1955).

■ The complaint was properly dismissed as to the defendants Bernice M. Frazier, Robert C. Frazier, Jr., Linda Joy Frazier, Kent M. Frazier, and Cleveland J. Frazier inasmuch as the complaint itself disclosed that a case was then pending between these defendants and the plaintiff which involved the same issues as those raised in this action.[1] The Declaratory Judgment Act could not be invoked under such circumstances and the court properly declined to declare the rights of the parties.

1. Since the judgment in this action was entered in the trial court, the case referred to in plaintiff's complaint has been decided. See Merritt-Chapman & Scott

■ Moreover, so far as the Commission is concerned, it has no present controversy with plaintiff, and his having such controversy with it in the future depends upon an event which may never happen, that is, the payment of the award which in turn would subject plaintiff to a claim for reimbursement by the Commission. It is well established that a declaration will not be made as to future rights in anticipation of an event which may never happen. Maricopa County v. Leppla, 89 Ariz. 220, 360 P.2d 227 (1961); Moore v. Bolin, 70 Ariz. 354, 220 P.2d 850 (1950).

■■ The complaint also presented the question of whether plaintiff was entitled to maintain an action against decedent's employer and the employer's project manager and superintendent for indemnification in the event plaintiff was held liable for the death of decedent. Any decision rendered on this question in this proceeding would not terminate the controversy as between plaintiff and defendants Mountain States Construction Company, Earl Cooper and H. E. Donoho. It would still be necessary to bring another action to settle the controversy. The court may properly refuse to enter a declaratory judgment where it will be necessary to bring another action to settle the controversy between the parties. Consolidated Quarries Corp. v.

Corporation v. Frazier, 10 Cir., 289 F.2d 849, certiorari denied, 368 U.S. 835, 82 S.Ct. 60, 7 L.Ed.2d 36 (1961).

Davidson, 79 Ga.App. 248, 53 S.E.2d 231 (1949).[2]

The complaint and amended complaint failed to state a claim upon which plaintiff was entitled to relief under the declaratory judgment law.

The judgment is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

2. A.R.S. § 12–1836 provides that: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."