369 F.2d 102
 GLOBE INDEMNITY COMPANY, a corporation, Appellant,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Corporation,
Thompson Concrete Products Company, a Corporation, Russell
C. Swank, t/a Swank Construction Company, A. R. Coffeen &
Sons, a Partnership, and Alexander Miller, an Individual.
 No. 15882.
 United States Court of Appeals Third Circuit.
 Argued Oct. 4, 1966.
Decided Nov. 16, 1966.
 
 Norman J. Cowie, Pittsburgh, Pa. (Pringle, Bredin, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., on the brief), for appellant.
 Frederick N. Egler, Pittsburgh, Pa. (Egler, McGregor & Reinstadtler, Pittsburgh, Pa., on the brief), for St. Paul Fire and Marine Insurance Company and Thompson Concrete Products Company, appellees.
 George I. Buckler, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for Swank, Coffeen and Miller, appellees.
 Before FORMAN, FREEDMAN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 FREEDMAN, Circuit Judge.
 
 
 1
 This is an appeal by an insurance company from the cecision of the district court dismissing for want of jurisdiction its declaratory judgment action in which it sought an adjudication that another insurance company was required to defend in its stead a wrongful death action pending in the state courts.
 
 
 2
 Plaintiff, Globe Indemnity Company, insured Russell C. Swank trading as Swank Construction Company, under a comprehensive general liability insurance policy for construction work in which Swank was engaged. Swank contracted with A. R. Coffeen & Sons for the use of Coffeen's workmen and agreed that they should be considered to be Swank's employees on the construction site; Swank also agreed to indemnify Coffeen and hold it harmless from any loss caused by its employees while working for Swank. In the course of the construction work Roy D. Smith, an employee of Coffeen, was killed by the fall of a boom, cable and bucket of a crane being operated by Alexander Miller, another Coffeen employee. Both employees were working on behalf of Swank at the time.
 
 
 3
 The administratrix of Smith's estate brought an action for wrongful death against Coffeen in the Court of Common Pleas of Allegheny County. Swank undertook to defend the suit under its indemnity agreement and Globe thereupon assumed the defense under its insurance policy with Swank.[1] This action is still pending.
 
 
 4
 Sometime after the wrongful death action had been brought and more than a year and a half after the accident occurred, Globe brought the present declaratory judgment action in which it named as defendants Swank, Coffeen, Miller and St. Paul Fire and Marine Insurance Company and its insured, Thompson Concrete Products Company. Thompson had delivered cement to the site in its truck. At the time of the accident Thompson's employee had poured a load of cement into the bucket of the crane operated by Miller, who raised the bucket into the air and swung it toward the bridge pier into which the cement was to be poured. Miller halted the crane for a minute or two while it was over an adjacent pier and then, when he had set the crane in motion again, it fell and caused the accident.
 
 
 5
 St. Paul had issued a policy to Thompson which insured it against liability for accidents arising out of the loading and unloading of Thompson's trucks. Because of this specific coverage Globe seeks a declaratory judgment that St. Paul must defend the wrongful death action by Smith's administratrix. This is the limit of its claim and it does not seek a declaration as to which of the two companies would be required to pay the amount of any judgment which the plaintiff may recover in the wrongful death action. St. Paul has resisted the claim on the grounds that the accident did not occur during the unloading of the Thompson truck, that it did not receive timely notice of the accident, and that none of the parties who may be liable falls within the policy's definition of 'insured'. Although Globe named Thompson, Swank, Coffeen and Miller, as defendants along with St. Paul, it did not join Smith's administratrix, who is the plaintiff in the wrongful death action.
 
 
 6
 The court below, considering itself bound by our decision in Nationwide Mutual Ins. Co. v. Fidelity & Casualty Co. of N.Y., 286 F.2d 91 (3 Cir. 1961), dismissed the action for want of jurisdiction. It stated that Globe was seeking an advisory opinion to the insurers 'with respect to their respective liabilities to pay or defend where suits, or a cause of action, against the alleged several insureds, arising out of an accident, were not yet determined.' In this the court below erred. The problem presented in Nationwide was not only which of three insurers had the duty to defend actions pending in the state courts but also which of them would be required to satisfy the judgments which might be recovered in those actions. We pointed out that the court would be rendering an advisory opinion if it told the insurance companies their respective rights and duties against each other as to their ultimate liability at a time when it was impossible to predict the outcome of the state court litigation. We emphasized that there were a variety of possible outcomes, some of which might in due time raise the question of who had the primary responsibility for payment. As to the issue on the duty to defend, we said only that it could not be decided because not all the insureds had been joined as parties.
 
 
 7
 Nationwide therefore differs from the present case in that the issue of liability to make payment is not here raised and the issue of the duty to defend may not be put aside because of the absence of any of the insured parties, since here all the insured parties have been named as defendants. Moreover, the question of the duty to defend, unlike the question of ultimate liability for any judgments which may be recovered in a pending state court action, does not require a decision based upon a set of hypothetical facts but rather presents a present controversy properly determined by a declaratory judgment.[2]
 
 
 8
 The district court, therefore, had jurisdiction over the action. Declaratory relief, however, is not a matter of right but is directed to the sound discretion of the court. Provident Tradesmens Bank & Trust Co. v. Lumbermens Mutual Casualty Co., 365 F.2d 802 (3 Cir. 1966). The record in its present state is too bare for us to say how the court's discretion should be exercised or to determine as a matter of law that a decision one way or another would have been an abuse of discretion. We may not therefore assume the duty of making the discretionary determination in the first instance. See Provident Tradesmens Bank & Trust Co. v. Lumbermens Mutual Casualty Co., supra, at p. 815. There are indeed a number of factual elements not now contained in the record which we believe the district court would wish to consider in determining how its discretion should be exercised. We shall refer to them without meaning thereby to preclude the district court from a full consideration of any additional factors which may be relevant to it in the exercise of its discretionary power to award or refuse a declaratory judgment.
 
 
 9
 The policies of the two insurers were identified by policy number but they are not set out in the record. It does not appear, therefore, whether the policies contain provisions which may bear on the respective responsibilities of the insurers to defend the action and to what extent this might affect their ultimate liability for any judgments recovered in the state court against the insured. Indeed, we do not know whether the Globe policy requires it to defend regardless of the respective obligations of Globe and St. Paul to satisfy and judgment obtained against the insured, which might, of course, lead to the conclusion that the complaint should be dismissed on the merits. In any event the question of the duty to defend is so intimately linked with ultimate liability for any judgments recovered that the first question should not be determined without full knowledge of its possible consequences on the other. This significant problem will be magnified if the amounts of the policies differ. Indeed, the plaintiff in the wrongful death action would have a vital interest in the amounts of the policies, and it would be important to know whether a decision here might prevent or impair her full and expeditious recovery on any judgment out of the policy coverage in subsequent garnishment proceedings. A court must be cautious to avoid adversely affecting the state court plaintiff, especially since she is not a party in this proceeding. See Provident Tradesmens Bank & Trust Co. v. Lumbermens Mutual Casualty Co., supra.
 
 
 10
 Finally, there is no indication of the present status of the state court action or when it is likely to be determined in relation to a decision on the merits in the present proceeding in which St. Paul has demanded a jury trual.
 
 
 11
 We have pointed to a few illustrations of matters which the district court will wish to take into consideration in determining how it shall exercise its discretionary power. There undoubtedly will be others which the parties will present to it. All these the parties are entitled to present and the court below is entitled to have the opportunity to consider in determining how to exercise its discretion.
 
 
 12
 The judgment of the court below therefore will be vacated and the cause remanded for further proceedings in accordance with this opinion.
 
 
 
 [1]
 A rider to the policy, carrying out the indemnity agreement, included Coffeen as an additional insured
 
 
 [2]
 American Fidelity & Casualty Co., Inc. v. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co., 280 F.2d 453, 461 (5 Cir. 1960); 20 Appleman, Insurance Law & Practice (1963), 11354, p. 145
 In Federal Insurance Co. v. Michigan Mutual Liability Co., 277 F.2d 442 (3 Cir. 1960), heavily relied on by the plaintiff, the district court had determined on the merits that Michigan's policy constituted the primary coverage and that Federal's policy constituted only excess insurance to the extent that Michigan's policy limit did not afford full coverage. What was involved, therefore, was not simply the duty to defend but liability for the ultimate payment as between the two insurers. Moreover, neither in this court nor in the district court was the jurisdictional issue raised.