657 P.2d 887

**PACIFIC INSURANCE COMPANY, a corporation, Plaintiff/Appellee,**

v.

**Ernest E. BANG and Martha G. Bang, his wife, Defendants/Appellants.**

**PACIFIC INSURANCE COMPANY, a corporation, Plaintiff/Appellee,**

v.

**The TRAVELERS INDEMNITY COMPANY, a corporation, Defendant/Appellant.**

**No. 2 CA–CIV 4200.**

Court of Appeals of Arizona, Division 2.

June 28, 1982.

Rehearing Denied Nov. 8, 1982.

Review Denied Dec. 21, 1982.

Strong & Pugh, P.A., by William K. Strong, Phoenix, for plaintiff/appellee.

Russo, Cox, Dickerson & Sylvester, P.C., by Karl MacOmber, Tucson, for defendants/appellants Bang.

Chandler, Tullar, Udall & Redhair, by D. B. Udall, Tucson, for defendant/appellant Travelers Ind. Co.

## OPINION

HATHAWAY, Judge.

This case arises from a summary judgment in favor of an insurer seeking indemnification from its insured, who received benefits under his uninsured motorist coverage.

Defendant-appellant Bang was injured in an automobile collision, allegedly caused by the negligence of the other driver, Schmidt. Schmidt had no insurance, but he was working for Tucson Newspapers, Inc. (TNI). TNI had insurance with Travelers; the policy covered TNI for acts of its employees. Demand was made on Travelers, but it denied coverage, so Bang collected $12,000 from his insurer, Pacific, under his uninsured motorist coverage. Bang then sued Schmidt. After that complaint was filed, Pacific sued Bang and Travelers, seeking what amounts to a declaratory judgment that Pacific is entitled to recoup the $12,000 out of any judgment in the underlying tort suit of *Bang v. Schmidt*. Summary judgment in favor of Pacific was granted.

We believe the issue of Pacific's reimbursement is premature. Declaratory judgment actions, A.R.S. § 12–1831 et seq., may not be based on future controversies that may never arise. See *Merritt-Chapman & Scott Corp. v. Frazier*, 92 Ariz. 136, 375 P.2d 18 (1962). There is no assurance that Bang will prevail in the underlying case against Schmidt. There may never be a judgment from which Pacific could recoup the $12,-000. The parties do not urge this action to determine whether Travelers is required to defend Schmidt in the underlying action.

The question is whether Travelers will be liable for Schmidt's alleged negligence and whether Pacific will be entitled to $12,000 of any judgment Bang might win from Schmidt. Because these contingencies may never arise, we believe there is no justiciable controversy. See *Merritt-Chapman & Scott Corp. v. Frazier*, supra. Cf., *Globe Indemnity Company v. St. Paul Fire and Marine Insurance Company*, 369 F.2d 102 (3rd Cir.1966) (ultimate liability of insurers for a judgment in the underlying case is a premature issue);[1] *American Fidelity & Casualty Company v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company*, 280 F.2d 453 (5th Cir.1960) (there was no actual controversy to give court jurisdiction to declare which of two carriers would be primarily liable); *Travelers Indemnity Company v. Standard Accident Insurance Company*, 329 F.2d 329 (7th Cir.1964) (plaintiff's request for declaration that other insurer will be liable on a future judgment was not an actual controversy). There is a view to the contrary, although many of the cases do not distinguish the issue of the insurer's duty to defend. See, e.g., *Ohio Casualty Ins. Co. v. Maloney*, 44 F.Supp. 312 (E.D.Pa.1942); Annotation, 142 A.L.R. 8 (1943). In addition, some cases decide the issue without discussion. See 142 A.L.R. at 34, n. 87.

The presence of a justiciable controversy is jurisdictional and therefore may be raised at any time. *Riley v. County of Cochise*, 10 Ariz.App. 55, 455 P.2d 1005 (1969). We hold that the trial court lacked jurisdiction to hear this matter. (The dismissal of this appeal does not amount to an affirmance of the judgment, which is susceptible to a motion to vacate. See *Riley v. County of Cochise*, supra.)

Appeal dismissed.

HOWARD, C.J., and BIRDSALL, J., concur.

---

1. A later case from the same circuit decided liability, where ripeness had not been raised by the parties. See *Transport Indemnity Company v. Home Indemnity Company*, 535 F.2d 232 (3rd Cir.1976). Also, the case relied on in *Globe* was questioned by *Transport Indemnity*.