716 P.2d 1060
**Frederick S. KLEIN,
Plaintiff/Appellant,**

v.

**Chief Peter RONSTADT; Lt. Jim
Davis, and the City of Tucson,
Defendants/Appellees.**

**No. 2 CA–CIV 5450.**

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 6, 1986.
Review Denied April 8, 1986.

Ann M. Haralambie, Tucson, for plaintiff/appellant.

Frederick S. Dean, Tucson City Atty. by R. William Call, Tucson, for defendants/appellees.

## OPINION

HOWARD, Presiding Judge.

This was an action for declaratory and injunctive relief wherein appellant sought to enjoin the Tucson Police Department from initiating sobriety check points. The case was heard by the trial court, sitting without a jury. The evidence at trial disclosed that appellant had never been stopped at a sobriety check point, does not drive while he is under the influence of alcohol and is not a resident of the City of Tucson. He asserted that he was intimidated by the possibility that he might at some future time encounter a sobriety check point. The trial court, while expressing serious doubts that appellant had standing, ruled on the merits anyway and found that the sobriety check points were constitutional.

Appellant challenges this finding. We affirm.

Contrary to appellant's assertion in his reply brief, appellees did raise at trial the question of appellant's standing when they answered the complaint, alleging that it failed to state a claim for relief and when, in their post-trial memorandum, appellees raised the issue as to whether or not appellant was affected by the roadblocks. A declaratory judgment will be granted only when there is a justiciable issue to be decided. *Lake Havasu Resort, Inc. v. Commercial Loan Insurance Corporation,* 139 Ariz. 369, 678 P.2d 950 (App.1983). A declaratory judgment must be based on a real, not theoretical controversy; a plaintiff must have a sufficient, concrete interest at stake so that a court may answer the questions presented in relation to those interests. *Dail v. City of Phoenix,* 128 Ariz. 199, 624 P.2d 877 (App.1980). Declaratory relief will be based on an existing state of facts, not those which may or may not arise in the future, *Arizona State Board of Directors for Junior Colleges v. Phoenix Union High School, District of Maricopa County,* 102 Ariz. 69, 424 P.2d 819 (1967); *Lake Havasu Resort, Inc. v. Commercial Loan Insurance Corporation,* supra. Declaratory judgment will not be entered as to future rights in anticipation of an event which may never happen. *Merritt-Chapman & Scott Corporation v. Frazier,* 92 Ariz. 136, 375 P.2d 18 (1962). Appellant must demonstrate some actual, concrete harm which will come to him as a result of the roadblock enforcement, not merely some speculative fear of infringement. Thus, in *Younger v. Harris,* 401 U.S. 37, 42, 91 S.Ct. 746, 749, 27 L.Ed.2d 669, 674 (1971), the Court stated:

> "But here appellees ... do not claim that they have ever been threatened with prosecution, that prosecution is likely, or even that a prosecution is remotely possible. They claim the right to bring this suit solely because, ... they 'feel inhibited.' We do not think this allegation even if true, is sufficient to bring the equitable jurisdiction of the ... courts into play ... And persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs in such cases."

Appellant has not only failed to show that he was affected by the check points, but he has also failed to show that he ever would be. His sheer speculation does not give him standing to sue. Furthermore, the trial court ruled correctly on the merits. See *State v. Superior Court, County of Pima,* 143 Ariz. 45, 691 P.2d 1073 (1984).

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.