IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CAFÉ VALLEY, INC., an Arizona corporation, *Plaintiff/Appellant*,

*v.*

MASSOUD and ZOHREN NAVIDI, husband and wife,
*Defendants/Appellees.*

No. 1 CA-CV 13-0266
FILED 07-24-2014

Appeal from the Superior Court in Maricopa County
No. CV2012-008660
The Honorable Lisa Daniel Flores, Judge

**REVERSED AND REMANDED**

COUNSEL

Schmitt Schneck Smyth Casey & Even PC, Phoenix
By David T. Maddox, James L. Williams
*Counsel for Plaintiff/Appellant*

Wilenchik & Bartness PC, Phoenix
By Dennis I. Wilenchik, Tyler Q. Swensen, Jacob G. Fleming
*Counsel for Defendants/Appellees*

---

**OPINION**

Judge Maurice Portley delivered the Opinion of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Andrew W. Gould joined.

---

**P O R T L E Y**, Judge:

¶1 Café Valley, Inc., challenges the dismissal of its complaint for declaratory judgment and the award of attorneys' fees and costs to Massoud and Zohren Navidi. For the following reasons, we reverse the dismissal and the award of attorneys' fees and costs, and remand this matter to the superior court for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

¶2 Café Valley produces and sells bakery products. Massoud Navidi is the President and Chief Executive Officer of United General Bakery, Inc., and owns less than one percent of the outstanding shares of Café Valley. United General Bakery does business as Upper Crust Bakery, Inc., and directly competes with Café Valley.

¶3 This dispute arose when the Navidis made a request to inspect and copy Café Valley's records pursuant to Arizona Revised Statutes ("A.R.S.") section 10-1602,[2] which provides that a qualifying shareholder is entitled to inspect certain corporate records upon five business days' written notice. A.R.S. § 10-1602(A). A qualifying shareholder may also inspect certain other records (board of directors, financial, accounting, and shareholder records) if: (1) the shareholder makes a demand to do so in good faith and for a proper purpose; (2) the shareholder describes the purpose of the inspection and the records to be inspected with reasonable particularity; and (3) "[t]he records are directly

---

[1] When reviewing an order granting a motion to dismiss, we accept as true the well-pleaded facts in the complaint. *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4, 121 P.3d 1256, 1259 (App. 2005).

[2] We cite the current version of applicable statutes absent changes material to this decision.

connected with the shareholder's purpose." A.R.S. § 10-1602(B)-(C). If a corporation refuses to allow a shareholder who complies with § 10-1602(B)-(C) to inspect records, the shareholder may apply to the superior court for an order to permit inspection. A.R.S. § 10-1604(B).

¶4        The Navidis made their written demand to inspect and copy corporate records, financial statements, and accounting documents pursuant to § 10-1602(A)-(B). Café Valley responded that it would comply with § 10-1602(A), but would not produce the requested financial statements and accounting documents because that request did not meet the statutory requirements. The Navidis objected to the response in a letter that pressed their request for the financial and accounting documents pursuant to § 10-1602(B).

¶5        Café Valley then filed this action asking the superior court to issue a declaratory judgment regarding: (1) the Navidis' right to demand records under § 10-1602(B); and (2) whether the Navidis had met the conditions of §§ 10-1602(C)(1), (3). The Navidis moved to dismiss, arguing Café Valley did not have a right to sue to prevent inspection under § 10-1602 and could not rely on Arizona's declaratory judgment statutes to circumvent that limitation. In addition, they argued no justiciable controversy existed and a judicial declaration would not resolve the parties' underlying dispute.[3] The superior court granted the motion and awarded the Navidis their attorneys' fees and costs. Café Valley filed this appeal after the entry of the final judgment.[4]

## DISCUSSION

I.        **Motion to Dismiss**

¶6        Café Valley argues the superior court erred in granting the Navidis' motion to dismiss because the complaint stated a valid cause of

---

[3] In the motion to dismiss, the Navidis stated that they had submitted an updated request to Café Valley designed to assuage Café Valley's professed concerns with the Navidis' document request. Although the updated request was addressed in the ruling, it was not a factor in the ruling and is not at issue in this appeal.

[4] During this appeal, Café Valley asked to supplement the record and have this court take judicial notice of Maricopa County Superior Court Cause No. CV 2013-007139. The request is denied.

action for declaratory relief.  We review a decision granting a motion to dismiss de novo.  *Coleman v. City of Mesa,* 230 Ariz. 352, 356, ¶ 8, 284 P.3d 863, 867 (2012).

### A.     A.R.S. § 10-1604 Does Not Prohibit the Action

**¶7**        The superior court noted that although a shareholder may ask a court to compel inspection of corporate records pursuant to § 10-1604, the statute does not afford a comparable right to a corporation faced with a shareholder's request for documents.  The Navidis argue § 10-1604 provides the exclusive framework for resolving disputes arising out of a shareholder demand to inspect records pursuant to §§ 10-1601 to -1604, and Café Valley cannot alter the "balance of power" between corporations and shareholders by initiating a declaratory judgment action.  Café Valley contends, however, that because § 10-1604 allows it to seek protection from a shareholder's inspection request by asking the court to impose reasonable restrictions on the use or distribution of records and to request an award of its attorneys' fees if the court denies a shareholder's demand to inspect, it does not bar a corporation from filing an action for a judicial determination of its rights.

**¶8**        We find unpersuasive the Navidis' argument that a corporation may not "circumvent" the procedures set forth in §§ 10-1601 to -1604 by seeking a declaration of a shareholder's right to inspect corporate records.  A corporation can deny a shareholder's request to inspect documents and put the onus on the shareholder to follow and initiate an action as the statute allows, but the statutes do not prohibit a corporation from preemptively challenging a shareholder's demand to inspect corporate records.  *See* A.R.S. § 10-1604(B); *see also State Farm Mut. Auto. Ins. Co. v. White*, 231 Ariz. 337, 341, ¶ 14, 295 P.3d 435, 439 (App. 2013) (stating that the court "will not read into a statute something which is not within the manifest intent of the legislature as indicated by the statute itself" (quoting *City of Tempe v. Fleming*, 168 Ariz. 454, 457, 815 P.2d 1, 4 (App. 1991) (internal quotation marks omitted))).[5]

---

[5] We note other courts have considered corporate declaratory judgment actions concerning a company's obligation to permit inspection of its records. *See, e.g., Miles v. Bank of Heflin*, 328 So. 2d 281, 286-87 (Ala. 1975) (recognizing that the bank could seek declaratory judgment to limit information  stockholders sought to review); *Fritz v. Belcher Oil Co.*, 363 So. 2d 155, 158-59 (Fla. Dist. Ct. App. 1978) (recognizing that  a corporation

**¶9** Further, the fee-shifting scheme set forth in § 10-1604(C) does not implicitly prohibit an action by the corporation. The relevant provision states that if the court orders inspection, it *shall* order the corporation to pay the shareholder's fees unless the corporation establishes it denied the request in good faith; if the court denies the shareholder's request for inspection, it *may* order the shareholder to pay the corporation's fees. A.R.S. § 10-1604(C). The Navidis contend the Legislature structured the statute in this manner — and did not afford the shareholder the same "good faith" defense available to the corporation — because the shareholder alone has the power to initiate litigation. However, a "good faith" defense is inherent in the court's discretion to determine whether to order a shareholder to pay a corporation's fees. *Id.* Moreover, if the Legislature had intended to prohibit a corporation from initiating an action to determine a shareholder's inspection rights, it would have done so expressly, rather than impliedly through the statute's fee-shifting structure.[6]

### B. The Parties' Controversy is Justiciable Under the Declaratory Judgments Act

**¶10** A party may bring an action under Arizona's version of the Uniform Declaratory Judgments Act, A.R.S. §§ 12-1831 to -1846 (the "Act"), to obtain a declaration of its rights under a statute. A.R.S. § 12-1832. Although the Act is remedial and must be liberally construed,

---

can seek declaratory judgment to attempt to limit the rights of shareholders seeking to inspect and make extracts from the corporate books and records).

[6] The Navidis argue by analogy that we would not allow a party to seek declaratory judgment to prevent a subpoena for documents when Arizona Rule of Civil Procedure ("Rule") 45 allows a person commanded to produce documents to object to a subpoena. *See* Ariz. R. Civ. P. 45(c)(5); *see also, e.g.*, *Valley Nat'l Bank v. Hartford Accident & Indem. Co.*, 57 Ariz. 276, 282-83, 113 P.2d 359, 362 (1941) (holding court could not decide by declaratory judgment whether probate court in separate action had the power to reduce the amount of trustee's surety bond). Rule 45, however, provides its own mechanism to challenge a subpoena. Because the Navidis made their request pursuant to statute, a declaratory judgment action is an appropriate mechanism to attempt to limit the inspection and copying of documents.

A.R.S. § 12-1842, "it is well settled that a declaratory judgment must be based on an actual controversy which must be real and not theoretical." *Planned Parenthood Ctr. of Tucson, Inc. v. Marks*, 17 Ariz. App. 308, 310, 497 P.2d 534, 536 (1972). Thus, to vest the court with jurisdiction to render a judgment in a declaratory judgment action, the complaint must set forth sufficient facts to establish that there is a justiciable controversy, i.e., one that "arises where adverse claims are asserted upon present existing facts, which have ripened for judicial determination." *Id.*

¶11 Café Valley alleged the Navidis were requesting corporate records pursuant to § 10-1602(B), but had not met the conditions of § 10-1602(C) and therefore had no right to inspect the categories of records set forth in § 10-1602(B). Café Valley pled that despite its refusal to allow the Navidis to inspect such documents, the Navidis continued to demand access to the records. The Navidis moved to dismiss Café Valley's complaint on the grounds that no justiciable controversy existed because the parties had a "mere difference of opinion." The allegations in the complaint set forth sufficient facts to establish a real dispute based upon an actual controversy between Café Valley and the Navidis concerning their rights under Arizona law. *See Planned Parenthood,* 17 Ariz. App. at 310, 497 P.2d at 536. Thus, Café Valley sufficiently alleged a justiciable dispute over which the court may assume jurisdiction pursuant to the Act.

¶12 The superior court refused to consider Café Valley's request for declaratory judgment because records disputes between the parties may continue and any declaratory judgment rendered in this action would not address possible future disputes. "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." A.R.S. § 12-1836; *accord Merritt-Chapman & Scott Corp. v. Frazier*, 92 Ariz. 136, 139, 375 P.2d 18, 20 (1962) ("The court may properly refuse to enter a declaratory judgment where it will be necessary to bring another action to settle the controversy between the parties."). For example, in *Merritt-Chapman*, the Arizona Supreme Court affirmed the superior court's dismissal of an action in which the plaintiff sought a declaration that he could maintain an action for indemnification against a decedent's employer because any decision rendered on that question would not terminate the controversy between the plaintiff and the employer (i.e., whether the plaintiff was entitled to indemnification) and it would still be necessary to bring another action to settle the controversy. 92 Ariz. at 139, 375 P.2d at 20. In this case, however, if the court had resolved Café Valley's claim, it would have resolved the parties' then-existing controversy concerning the Navidis'

inspection demand. Even if Café Valley and the Navidis might develop additional disputes in the future, that does not provide a basis for the court to decline to resolve the present dispute.[7]

## II. Attorneys' Fees and Costs

¶13 Café Valley also challenges the superior court's award of attorneys' fees and costs to the Navidis. Because we reverse the dismissal, we also reverse the award of attorneys' fees and costs.

¶14 On appeal, both parties request an award of attorneys' fees and costs. We deny the Navidis' request because they did not prevail on appeal.

¶15 Café Valley makes its request pursuant to A.R.S. § 12-349, which provides for an award of attorneys' fees as a sanction for an unjustified action. Because the Navidis did not defend this appeal without substantial justification or primarily for delay or harassment, and did not unreasonably expand or delay the proceeding, we decline to award Café Valley fees pursuant to § 12-349. However, as the prevailing party, Café Valley is entitled to its appellate costs upon compliance with ARCAP 21.

## CONCLUSION

¶16 Based on the foregoing reasons, we reverse the dismissal of Café Valley's declaratory judgment claim and the award of attorneys' fees and costs, and remand this matter to the superior court for further proceedings.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

---

[7] Accordingly, we reject the Navidis' argument that this court should affirm the dismissal of Café Valley's complaint on the basis that the action is now moot because the Navidis have sent additional demands for inspection raising new issues.