420 P.2d 198

**FLECHA CAIDA WATER COMPANY, Inc., a corporation, Appellant,**

**v.**

**The CITY OF TUCSON, a municipal corporation, and Subdivision Processors, Inc., Appellees.**

**No. CA–CIV 121.**

Court of Appeals of Arizona.

Nov. 17, 1966.

Rehearing Denied Jan. 10, 1967.

Review Denied Jan. 31, 1967.

Robertson, Childers, Burke & Drachman, by Frank E. Drachman, Jr., and Peter Johnson, Tucson, for appellant.

Gordon S. Kipps, City Atty., Jay M. Abbey, Asst. City Atty., Tucson, for appellees.

HATHAWAY, Judge.

Flecha Caida Water Company, Inc., has appealed from a judgment entered in three separate lawsuits which were consolidated for trial.

In the initial suit filed against the City of Tucson on June 24, 1963, Flecha Caida sought to enjoin the city from serving and offering service of water to the public in a section of land certificated to Flecha Caida for the service of water as a public utility.

The second suit was filed by the city on August 15, 1963, against Flecha Caida. In that action the city sought to condemn all of the assets and rights of Flecha Caida in the section of land referred to above in the first suit.

In the third suit, also brought by the city, which was filed on March 20, 1964, the city sought to condemn all of the assets and rights of Flecha Caida in another section of land.

The three causes were consolidated for trial. The city had requested that the court specifically find the facts and state its conclusions of law. At the conclusion of the trial, the court took the matter under advisement; later entered findings of fact and conclusions of law and judgment in favor of the city in all three causes.

The two sections of land involved are Section 3 and Section 11 of Township 13 South, Range 14 East, Gila and Salt River Base and Meridian, and lie approximately three miles north of the city limits of Tucson. In 1962, Flecha Caida was granted a certificate of convenience and

necessity by the Arizona Corporation Commission to operate a public water utility in Section 3. It was also granted a franchise from Pima County to use the roads and right of ways for the installation of all necessary water distribution facilities. A similar certificate and franchise was granted in 1963 for Section 11. The certificates of public convenience and necessity were acquired by Flecha Caida after a request for water service was made by the developers of the sections. The developers later contacted the city and asked for and received water service, hence the lawsuits from which this appeal was taken.

The appellant has questioned the validity of the condemnation proceedings, claiming that the city did not comply with the general condemnation statute, particularly A.R.S. § 12–1112, which provides that property may not be taken by condemnation, unless it appears that:

"1. The use to which the property is to be applied is a use authorized by law.

"2. The taking is necessary to such use.

"3. If the property is already appropriated to some public use, the public use to which it is to be applied is a more necessary public use."

The city asserts, in defense of the proceedings, that it exercised the power of eminent domain under A.R.S. § 9–516 and, having complied with that specific statute, it was not required to comply with the general statute. A.R.S. § 9–516, subsec. B provides:

"The city or town which seeks to acquire the facilities of a public service corporation shall have the right to do so under eminent domain. Such action shall be brought and prosecuted in the same manner as other civil actions."

In Desert Waters, Inc. v. Superior Court, 91 Ariz. 163, 370 P.2d 652 (1962), the City of Tucson had brought condemnation proceedings in compliance with the provisions of the municipal bond article (A.R.S. §§ 9–521 to 9–540). The Arizona Supreme Court held that it was not necessary that the findings required by A.R.S. § 12–1112 be made.

■ We believe that the City of Tucson in the present case, having complied with the specific statute, was not required to make the findings mandated by A.R.S. § 12–1112. Indeed, were appellant providing water service in the certificated area, it is problematical whether the city could have proceeded except under the specific statute.

The appellant questions whether the city may condemn assets of a public water service utility lying wholly without the corporate limits of the city.

Municipal corporations have been granted power by the legislature to engage in certain businesses *within and without* the corporate limits of the municipality. Additionally, the power of eminent domain has been granted to further such activities. A.R.S. § 9–511 provides in part:

"A. A municipal corporation may engage in any business or enterprise which may be engaged in by persons by virtue of a franchise from the municipal corporation, and may construct, purchase, acquire, own and maintain *within or without its corporate limits* any such business or enterprise.

\* \* \* \* \*

"B. The municipality may exercise the right of eminent domain either *within or without its corporate limits* for the purposes as stated in subsection A of this section \* \* \*." (Emphasis ours)

■ We are of the opinion that the foregoing sections authorize the city to condemn assets of a public water service utility lying without the corporate limits of the city.

■ The validity of the proceedings is attacked on one further ground. The resolution authorizing the condemnation proceedings concerning Section 11 was not passed until after commencement of the

trial. The appellant contends that the city had the burden of showing that it had taken the steps necessary to authorize the bringing of the suit in condemnation and we are in agreement. We do not believe, however, nor has the appellant directed us to authority, that the city cannot ratify the filing of the condemnation proceedings brought by its agents. We are of the opinion that the city may ratify the acts of its agents and that the resolution subsequently passed was sufficient authorization for proceeding against Section 11.

Having determined that the condemnation proceedings were effective, we consider the question of damages. The Arizona Supreme Court has very recently spoken on this subject in City of Phoenix v. Consolidated Water Company, 101 Ariz. 43, 415 P.2d 866 (1966); City of Tucson v. El Rio Water Company, 101 Ariz. 49, 415 P.2d 872 (1966), the court held that a certificate of public convenience and necessity held by the water company was "property" for which compensation must be paid. Speaking for the court in El Rio Water Company, Chief Justice Struckmeyer stated that:

"Such a certificate creates a monopoly and, in the public interest, the utility is protected from all competition. If the value of the plant and property of the public utility does not include an item for the certificate as property, then in order to provide 'just compensation' it

must be included in going concern value."

■ The facts before us disclose that the appellant was not a "going concern." Nevertheless, it was entitled to fair and equitable compensation for its property taken through the condemnation proceeding. The only property taken was its certificate of public convenience and necessity covering the two sections. If the certificate has value, compensation should be awarded. We are of the opinion that the trial court erred in concluding that:

"A public utility without a plant or system within areas certificated to it by the Arizona Corporation Commission has no property for which compensation may be awarded in an action brought by a city or town pursuant to the provisions of A.R.S. §§ 9–516 and 9–518."

The cause is remanded for determination of damages, if any. The judgment is otherwise affirmed.

WILLIAM W. NABOURS and MARY ANNE RICHEY, Superior Court Judges, concur.

NOTE: Judges HERBERT F. KRUCKER and JOHN F. MOLLOY having requested that they be relieved from consideration of this matter, Judges WILLIAM W. NABOURS and MARY ANNE RICHEY were called to sit in their stead and participate in the determination of this decision.