617 P.2d 1158

SENDE VISTA WATER COMPANY, INC., an Arizona Corporation, Plaintiff–Appellee,

v.

CITY OF PHOENIX, a Municipal Corporation; Margaret Hance, Joy W. Carter, William C. Donahue, Calvin Goode, Rosendo Gutierrez, Ken O'Dell, Amy T. Worthen, Marvin Andrews, Art Vondrick, Presley of Arizona, an Arizona Corporation, Defendants–Appellants.

No. 1 CA–CIV 4637.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 7, 1980.

Rehearing Denied Sept. 18, 1980.

Review Denied Oct. 7, 1980.

Stephens & Toles, P. C. by Bill Stephens, Martha B. Kaplan, Carol Benyi, and Carmichael, McClue & Powell, P. C. by Donald W. Powell, Phoenix, for defendants–appellants City of Phoenix and Councilmembers.

Pavilack, Spack & Mulchay, P. C. by J. Robert Stark, Scottsdale, for defendant–appellant Presley of Arizona.

## OPINION

O'CONNOR, Judge.

Appellants have appealed from a summary judgment granted in favor of appellee which permanently enjoined appellants from providing water to customers in the area covered by appellee's certificate of convenience and necessity, and which declared void a contract between appellant City of Phoenix and appellant Presley of Arizona. This court has jurisdiction pursuant to A.R.S. § 12–2101.

Appellee was granted a certificate of convenience and necessity in 1961 by the Arizona Corporation Commission, which authorized appellee to construct, operate and maintain a public water system in an area of 360 acres in what is now known as Ahwatukee in Maricopa County, Arizona. Appellee has never constructed any portion of the system at that location although it continues to own the certificate of convenience and necessity.

In the early 1970's, the appellant, Presley of Arizona, started development of a residential subdivision in Maricopa County called Ahwatukee. Presley of Arizona entered into an agreement with appellant City of Phoenix whereby Presley of Arizona would construct a water delivery system and a sewer system for the entire 2,080 acre subdivision, which systems would be purchased and operated by the City of Phoenix. The purchase price was to be paid from revenues of sales of water and sewer services to the residents. The agreement was conditioned upon a deletion by the Arizona Corporation Commission of the 360 acres from appellee's certificate of convenience and necessity. The Arizona Corporation

Hughes & Hughes, P. C. by John C. Hughes, Phoenix, for plaintiff–appellee.

Commission deleted the 360 acres from appellee's certificate on September 1, 1972. Appellants, Presley of Arizona and the City of Phoenix, then constructed and operated the water and sewer systems, servicing all the area of Ahwatukee, including the 360 acres. In the meantime, appellee, Sende Vista Water Company, had appealed to the Superior Court of Maricopa County from the Arizona Corporation Commission's order of deletion. In December, 1976, the Superior Court set aside the Corporation Commission's order of deletion, and no timely appeal was taken from the judgment. Appellee, Sende Vista Water Company, then filed this action against Presley of Arizona and the City of Phoenix asking that they be permanently enjoined from operating a public utility within the 360 acres, and that the agreement between appellants be declared void.

Cross motions for summary judgment were filed. The trial court denied appellants' motion for summary judgment and granted summary judgment in favor of appellee, permanently enjoining the City of Phoenix from furnishing water within Sende Vista Water Company's certificated area, and declaring that the agreement between appellants was "void in all respects."

A motion for summary judgment should be granted only where the pleadings, depositions, admissions on file, and the affidavits, if any, show that there is no genuine issue as to any material fact. *Northen v. Elledge*, 72 Ariz. 166, 232 P.2d 111 (1951). As stated in *Dutch Inns of America, Inc. v. Horizon Corp.*, 18 Ariz.App. 116, 118–19, 500 P.2d 901, 903–04 (1972):

> [T]here are two prerequisites that must be met before entry of summary judgment is appropriate: (1) The record before the court must show that there is no genuine dispute as to any material fact and that only one inference can be drawn from those undisputed material facts; and (2) that based on the undisputed material facts the moving party is entitled to judgment as a matter of law. [Citation omitted]

In reviewing the granting of a motion for summary judgment, we must view the evidence in the light most favorable to the party opposing the motion, and the motion should be denied if there are any material issues of fact to be litigated.

Appellants cite the Arizona Constitution, art. 15, § 17, and A.R.S. § 40–254(F) which provide that orders of the Arizona Corporation Commission "shall remain in force pending the decision of the courts." From 1972 until March, 1977, appellee had no operative certificate of convenience and necessity for the 360 acres because the Commission's order of deletion was in force and effect until the Superior Court ruled otherwise. In our opinion, this fact does not serve to defeat appellee's claims following the Superior Court judgment of December 2, 1976, invalidating the Corporation Commission's order of deletion. The appellee's request for injunctive relief was prospective only.

■ Appellants urge the court to determine that a municipal corporation has an absolute right to enter an area covered by an existing certificate of convenience and necessity and to provide a public utility service within the area pursuant to A.R.S. §§ 9–511, 9–515, 9–516, 9–521, and 9–522. Arizona courts have held that a municipality may acquire by condemnation a public utility or part of one and provide service in the same area subject only to payment of the fair value of the property taken, including consequential damages for the severance. *City of Mesa v. Salt River Project Agricultural Improvement and Power District*, 92 Ariz. 91, 373 P.2d 722 (1962), *appeal dismissed*, 372 U.S. 704, 83 S.Ct. 1018, 10 L.Ed.2d 124 (1963); *Flecha Caida Water Co. v. City of Tucson*, 4 Ariz.App. 331, 420 P.2d 198 (1966). A city may acquire a water company's property in an area outside the city where it can be shown that the city is properly anticipating future growth. *Citizens Utilities Water Co. v. Superior Court*, 108 Ariz. 296, 497 P.2d 55, *cert. denied*, 409 U.S. 1022, 93 S.Ct. 462, 34 L.Ed.2d 314 (1972). *See also Flecha Caida Water Co. v.*

*City of Tucson*, 4 Ariz.App. at 333, 420 P.2d at 200; A.R.S. § 9–511.

A.R.S. § 9–515 provides in part:

A. When a municipal corporation and the residents thereof are being served under an existing franchise by a public utility, the municipal corporation, before constructing, purchasing, acquiring or leasing, in whole or in part, a plant or property engaged in the business of supplying services rendered by such public utility, shall first purchase and take over the property and plant of the public utility.

B. The property and plant shall become the property of the municipal corporation upon payment by the municipal corporation of the fair valuation thereof within eighteen months after the determination of the valuation in the manner hereinafter provided.

A.R.S. § 9–516 provides in part:

A. It is declared as the public policy of the state that when adequate public utility service under authority of law is being rendered in an area, within or without the boundaries of a city or town, a competing service and installation shall not be authorized, instituted, made or carried on by a city or town unless or until that portion of the plant, system and business of the utility used and useful in rendering such service in the area in which the city or town seeks to serve, has been acquired.

B. The city or town which seeks to acquire the facilities of a public service corporation shall have the right to do so under eminent domain. Such action shall be brought and prosecuted in the same manner as other civil actions.

Appellants urge the court to determine that, inasmuch as appellee had not constructed any facilities whatever within the 360 certificated acres and was not in fact providing adequate public utility service within the area, the City of Phoenix had a right to enter the area and provide the service, and it could subsequently resolve any question of just compensation.

The record before the trial court in this case reveals that the City of Phoenix had not acquired Sende Vista Water Company's certificate of convenience and necessity by condemnation or otherwise before it began providing public water service within the 360 acres.

■ No private property may be taken by eminent domain without first having made just compensation to the owner. Arizona Constitution, art. 2, § 17; A.R.S. §§ 12–1111 to 12–1128. Division Two of the Court of Appeals has held in *Flecha Caida Water Co. v. City of Tucson* that the requirement of payment of just compensation applies although the holder of the certificate of convenience and necessity has not yet constructed facilities and the only property taken is the certificate itself. 4 Ariz.App. at 334, 420 P.2d at 201. *See also City of Tucson v. El Rio Water Co.*, 101 Ariz. 49, 415 P.2d 872 (1966). *But see Arizona Water Co. v. City of Yuma*, 7 Ariz. App. 53, 436 P.2d 147 (1968) (holding that a certificate of convenience and necessity has value only while the holder of the certificate is an ongoing concern). We hold that the statutory provisions of A.R.S. §§ 9–515, 9–516 and 9–522 do not allow the city to provide utility service in a certificated area unless it has first acquired the property interest of the holder of the certificate for the area to be served.

The trial court properly granted summary judgment in favor of appellee for an injunction prohibiting further public water service by appellants to customers within the certificated area. However, the terms of the injunction were too broadly framed. The trial court's amended judgment dated November 6, 1978, stated in part as follows:

It is hereby ordered, adjudged and decreed that the defendants, and each of them, are permanently enjoined from furnishing water within the plaintiff's certificated area without plaintiff's consent.

It is further ordered, adjudged and decreed the agreement dated July 12, 1972, between the City of Phoenix and the defendant Presley of Arizona be, and is

hereby, declared void in all respects and all transactions thereunder.

The City of Phoenix has the right at any time to acquire, either by mutual agreement or by condemnation, the appellee's certificate of convenience and necessity pursuant to the authorities cited above. The injunction fails to reflect the condemnation authority of the city and should be amended to reflect that the injunction is in effect unless and until the City of Phoenix acquires the appellee's interest in the certificate of convenience and necessity for the 360 acres by mutual agreement or by condemnation.

Appellants also argue that the appellee's certificate of convenience and necessity is subject to the right of any landowner of forty acres or more to request the Arizona Corporation Commission to delete him from the certificated area. The record before the trial court when the summary judgment was granted reflected that appellee had successfully obtained a final judgment in Maricopa County cause number C–269795 vacating the action of the Arizona Corporation Commission in deleting the area from the appellee's certificate of convenience and necessity. Appellant Presley of Arizona was a party to that action. There was no evidence before the trial court that any portion of the 360 acres had been deleted from the certificated area as of the time summary judgment was entered. However, the trial court's injunction also failed to provide for the possibility of a future deletion of all or a portion of the 360 acres from the certificated area pursuant to A.R.S. § 40–252. In our opinion the injunction should also be amended to reflect that, if all or any portion of the certificated area is deleted by the Arizona Corporation Commission, the injunction will not extend to such area.

Appellee contends that the City of Phoenix may not acquire appellee's property interest in the certificate of convenience and necessity unless the acquisition is approved by a majority of the electors of the city as provided in A.R.S. § 9–514.

A.R.S. § 9–514 provides:

Before construction, purchase, acquisition or lease by a municipal corporation, as authorized in §§ 9–511 to 9–513, inclusive, of any plant or property or portion thereof devoted to the business of or services rendered by a public utility shall be undertaken, the construction, purchase, acquisition or lease shall be authorized by the affirmative vote of a majority of the qualified electors who are taxpayers of the municipal corporation voting at a general or special municipal election duly called and held for the purpose of voting upon the question.

A.R.S. § 9–514 by its own terms refers only to construction, purchase, acquisition or lease by a city of public utility property "as authorized in §§ 9–511 to 9–513." A.R.S. § 9–522 provides additional authority to a municipality to acquire and provide utility services. It states in part:

A. In addition to its other powers, a municipality may:

1. Subject to the requirements and restrictions of §§ 9–515 through 9–518, within or without its corporate limits, construct, improve, reconstruct, extend, operate, maintain and acquire, by gift, purchase or the exercise of the right of eminent domain, a utility undertaking or part thereof, and acquire in like manner land, rights in land or water rights in connection therewith.

2. Issue its bonds to finance the cost thereof.

In *City of Scottsdale v. Municipal Court of Tempe*, 90 Ariz. 393, 368 P.2d 637 (1962), the Arizona Supreme Court held that A.R.S. § 9–522 grants power to municipalities to acquire public utility property by purchase or eminent domain, with or without the use of bond funds. It is our opinion that the City of Phoenix has authority to finance the acquisition of a public water system within or without its boundaries, pursuant to A.R.S. § 9–522, by means of an agreement with a land developer such as was entered into in this instance, and without the necessity of a bond election and the issuance of bonds.

The agreement entered into by the City of Phoenix and Presley of Arizona covered construction by Presley, and purchase and operation by the City of Phoenix, of both a public water and a sewer system for the entire 2,080 acre development at Ahwatukee. The agreement was dated July 12, 1972, and it expressly provided that the 360 acres covered by appellee's certificate of convenience and necessity would not be served with water service by the City of Phoenix until such time as appellee's certificated rights were terminated by the Arizona Corporation Commission or acquired by Presley of Arizona. Following the execution of the agreement, Presley of Arizona applied to the Arizona Corporation Commission for deletion of the 360 acres from appellee's certificate. The Commission granted the deletion September 1, 1972. The action of the Arizona Corporation Commission was appealed to the Superior Court of Maricopa County by Sende Vista Water Company. The judgment setting aside the Commission's action was not entered until December 2, 1976. In the meantime, the construction of the public water and sewer systems for the entire development had been completed and service was being rendered to residents of Ahwatukee. The trial court declared the agreement between City of Phoenix and Presley of Arizona was void in its entirety from its inception.

Appellants contend that the trial court erred in declaring the entire contract between the City of Phoenix and Presley of Arizona to be void from its inception. They also raise the defense of the statute of limitations.

An action founded on a contract in writing must be commenced within four years after accrual of the cause of action. A.R.S. § 12–550; *Kain v. Arizona Copper Co.*, 14 Ariz. 566, 133 P. 412 (1913). Appellants argue that appellee's cause of action for declaratory relief may be limited by A.R.S. § 12–541, which is the one year limitation for actions "upon a liability created by statute," or by A.R.S. § 12–542, which is the two year limitation for "trespass for injury done to the estate or the property of another," or for "detaining the personal property

of another." Appellants also contend that the cause of action, if any, accrued when the agreement was signed in July, 1972.

The Uniform Declaratory Judgments Act as adopted in Arizona, A.R.S. § 12–1842, provides that:

> Any person interested under a ... written contract ... or whose rights, status or other legal relations are affected by a ... contract ... may have determined any question of construction or validity arising under the ... contract. ... and obtain a declaration of rights, status, or other legal relations thereunder.

■ Appellee, whose certificate of convenience and necessity gave the right to provide water service to customers within the certificated area, had rights which were affected by the contract between appellants. The contract in this case was expressly contingent upon acquisition of appellee's certificated rights or upon deletion of the acreage from the certificate. The agreement cannot be said to have violated the provisions of A.R.S. §§ 9–515 and 9–516 at the time of the agreement's execution, due to the contingency. Declaratory relief "will not be made as to future rights in anticipation of an event which may never happen." *Merritt–Chapman & Scott Corp. v. Frazier*, 92 Ariz. 136, 139, 375 P.2d 18, 20 (1962). As of September 1, 1972, the 360 acres was deleted from appellee's certificate of convenience and necessity and the City of Phoenix was not then in violation of the policy declared in A.R.S. pp 9–515 and 9–516. The order of the Arizona Corporation Commission remained in force and effect from September 1, 1972, until it was set aside by the Superior Court of Maricopa County on December 2, 1976.

As noted above, art. 15, § 17 of the Arizona Constitution and A.R.S. § 40–254(F) provide that orders of the Arizona Corporation Commission "shall remain in force pending the decision of the courts."

■ We hold that appellee's cause of action for declaratory relief did not accrue until the judgment of the Superior Court of Maricopa County was entered on December

**48**

2, 1976, setting aside the order of the Arizona Corporation Commission. This action was filed by appellee on March 30, 1977. Regardless of which statute of limitations applies, the suit was timely filed.

An action for declaratory relief only justifies a declaration of rights upon an existing state of fact, not one which may or may not arise in the future or which might or might not develop. Such can not form the basis for a declaratory judgment.

*City of Mesa v. Salt River Project Agricultural Improvement and Power District,* 92 Ariz. at 106, 373 P.2d at 733. *See also Arizona State Board of Directors for Junior Colleges v. Phoenix Union High School District of Maricopa County,* 102 Ariz. 69, 424 P.2d 819 (1967).

■ The trial court declared the entire agreement between Presley of Arizona and the City of Phoenix to be void from its inception. We hold that the trial court abused its discretion in declaring the entire agreement void from its inception. As explained above, the agreement was valid when it was executed by virtue of the contingency, and it was valid until the court's judgment of December 2, 1976. Even then, the agreement was valid as to the provision of services and facilities in all but the 360 acres covered by appellee's certificate of convenience and necessity. The only right or interest of appellee affected by the agreement was the bare certificate for water service within the 360 acres. As to that area, appellee was entitled to declaratory and injunctive relief. The declaratory relief to which appellee was entitled based upon the record before the trial court was limited to a declaration that appellant City of Phoenix had no right to provide water service to the public within the 360 acres covered by Sende Vista Water Company's certificate of convenience and necessity unless and until the City of Phoenix has acquired, by eminent domain or otherwise, Sende Vista Water Company's certificated rights.

The judgment and orders of the trial court are reversed in part and the cause is remanded for entry of judgment and orders consistent with this opinion.

HAIRE, Acting P. J., and FROEB, J., concur.