NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

POWER ROAD-WILLIAMS FIELD, LLC, an Arizona limited liability
company; GEORGE M. SIEGELE; and KEITH PULVER,
*Plaintiffs/Appellants*,

*v.*

TOWN OF GILBERT, an Arizona municipality, and its members of its
counsel acting in their official capacity, JOHN W. LEWIS, JENN
DANIELS, EDDIE COOK, VICTOR PETERSEN, JOHN SENTZ, JORDAN
RAY, and BEN COOPER; CITY OF MESA, an Arizona municipality;
COUNTY OF MARICOPA, a political subdivision of the State of Arizona,
*Defendants/Appellees*.

No. 1 CA-CV 13-0609

FILED 1-13-2015

Appeal from the Superior Court in Maricopa County
No.  CV2011-005700
The Honorable George H. Foster, Jr., Judge

**APPEAL DISMISSED AS MOOT**

COUNSEL

Francis J. Slavin, P.C., Phoenix
By Francis J. Slavin, Ellen B. Davis
*Counsel for Plaintiffs/Appellants*

Grasso Law Firm, P.C., Chandler
By Robert Grasso, Jr., Jenny J. Winkler
*Counsel for Defendants/Appellees Town of Gilbert and all named Gilbert Officials*

Dickinson Wright, PLLC, Phoenix
By Gary L. Birnbaum, David J. Ouimette
*Counsel for Defendant/Appellee City of Mesa*

Maricopa County Attorney's Office, Phoenix
By J. Kenneth Mangum, James Fritz
*Counsel for Defendant/Appellee Maricopa County*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

---

**P O R T L E Y**, Judge:

¶1        Power Road-Williams Field, LLC, an Arizona limited liability company, George M. Siegele, and Keith Pulver (collectively "Appellants") appeal the dismissal of Counts One (failure to conform to the Gilbert General Plan), Three (failure to enter into an intergovernmental agreement) and Four (arbitrary and irrational exercise of police powers) of their First Amended Complaint pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim, and the summary judgment granted in favor of the Town of Gilbert, the City of Mesa and Maricopa County (collectively "Appellees") as to  Count Two (failure to follow statutory procedures).  For the following reasons, we dismiss the appeal.

**PROCEDURAL BACKGROUND**

¶2        Appellees were engaged in a multi-phased, multi-year project to widen and improve a ten-mile stretch of Power Road from Baseline Road to Chandler Heights Road.  Appellants disagreed with the Phase III ("the Project") design of the multi-phased project, which encompassed the intersection of Power Road and Williams Field Road.  After lobbying unsuccessfully to persuade Appellees to choose a different design, Appellants sued seeking to stop the Project.  Appellants, however, did not seek a preliminary injunction or other stay of construction pending the outcome of the litigation.

¶3        After Appellants were allowed to amend their complaint, Appellees successfully moved to dismiss three of four counts of the amended complaint for failing to state a claim for which relief could be

2

granted under Rule 12(b)(6). The parties then filed cross-motions for summary judgment on the remaining count, and the court subsequently entered judgment in favor of Appellees. The Project continued during the course of the litigation and is now complete. Appellants appealed and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[1]

**DISCUSSION**

**¶4**　　　Appellants, who sought declaratory judgment and injunctive relief, argue that the trial court erred in granting Appellees' motion to dismiss and motion for summary judgment because (1) the Project failed to conform to the Gilbert General Plan; (2) Appellees failed to comply with the reviews and reports requirements under A.R.S. § 9-461.01; (3) Appellees failed to adopt an intergovernmental agreement; and (4) Appellants were entitled to a trial on their claim for abuse of power. Appellees contend, however, that this appeal is moot because the Project has been completed.[2] We agree.

**¶5**　　　Unlike federal courts, our state courts do not have a "constitutional provision constraining it to consider only cases or controversies." *Fraternal Order of Police Lodge 2 v. Phoenix Emp. Relations Bd.*, 133 Ariz. 126, 127, 650 P.2d 428, 429 (1982) (internal quotation marks omitted). Our supreme court, however, has consistently held that state courts will "refrain from considering moot or abstract questions." *Id.* Therefore, we will not decide a question that is unrelated to an actual controversy or that is rendered moot by a change in circumstances. *See id; Contempo–Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229, 696 P.2d 1376, 1378 (App. 1985).

**¶6**　　　Here, although Appellants objected to the split alignment design of the Project, they did not seek a preliminary injunction or any other stay to stop construction of the Project. As a result, the construction project with the split alignment continued and is now complete. The Project's completion renders this appeal moot because the principal relief sought by

---

[1] We cite to the current version of the statute unless otherwise noted.

[2] The Project construction began in June 2012 and was completed as of June 2014. *See* http://mesaaz.gov/engineering/Projects/PowerRdImpr/PowerRdImpr.aspx ("Project is complete.").

Appellants in their amended complaint — to "stop the Project"[3] — is no longer an available remedy. *See ASH, Inc. v. Mesa Unified Sch. Dist. No. 4*, 138 Ariz. 190, 191-92, 673 P.2d 934, 935-36 (App. 1983) (holding that plaintiff's appeal was moot where challenged contract had been fully performed and plaintiff, in failing to seek any of the available procedural remedies to stay performance of the contract pending litigation, had not effectively preserved the issue on appeal); *accord W. Sun Contractors Co. v. Superior Court*, 159 Ariz. 223, 227, 766 P.2d 96, 100 (App. 1988) (noting, while issuing an interlocutory stay and granting expedited consideration of the merits, that "[b]ecause of the peculiar nature of public contracts the courts are loath to grant relief where such contracts have been fully performed [and] . . . if no stay were issued, the completion of the work would moot any relief") (internal citations omitted).

¶7 Courts will only grant a declaratory judgment when there is a justiciable issue between the parties. *Thomas v. City of Phoenix*, 171 Ariz. 69, 74, 828 P.2d 1210, 1215 (App. 1991). Moreover, Appellants' failure to seek to enjoin the construction before it was completed not only moots their request for injunctive relief, but also their claim for declaratory relief. *See id.* ("Courts will not hear cases that seek declaratory judgments that are advisory or answer moot or abstract questions. Declaratory relief should be based on an existing state of facts, not facts that may or may not arise in the future.") (internal citations omitted).

¶8 We can, however, decide an issue of law despite its mootness if the matter is of considerable public importance or the principle involved is a continuing one. *State v. Superior Court*, 104 Ariz. 440, 441, 454 P.2d 982, 983 (1969). However, we do not find that the circumstances of this case fall within either exception. Although the issue involved in this case, the split alignment design, is capable of repetition, we cannot say as a matter of law that it will evade review. Further, given the completion of the project, the question involved does not rise to a sufficient level of "public importance" to be an exception to the mootness doctrine. *See Camerena v. Dep't of Pub. Welfare*, 106 Ariz. 30, 470 P.2d 111 (1970).

---

[3] The amended complaint sought the following relief: (1) a declaration that the split alignment design was arbitrary and capricious, irrational and an abuse of discretion; (2) an order enjoining the construction and other work associated with the split alignment design; and (3) attorney's fees and costs.

## CONCLUSION

**¶9**      Because the Project has been completed, Appellants' appeal is moot.  Accordingly, we dismiss the appeal.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : ama