NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JANE BRUER,
*Plaintiff/Appellant,*

v.

STATE OF ARIZONA, ex rel. MARK BRONOVICH,
*Defendant/Appellee.*

No. 1 CA-CV 21-0066
FILED 10-28-2021

Appeal from the Superior Court in Maricopa County
No. CV2018-014982
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

APPEARANCES

Jane Bruer, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Anthony R. Napolitano
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge David B. Gass joined.

---

**M O R S E**, Judge:

¶1   Jane Bruer appeals the superior court's partial dismissal and subsequent grant of summary judgment for the State. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2   In June 2017, Bruer's employer fired her. A few months later, Bruer submitted an online in-take questionnaire with the Arizona Civil Rights Division of the Arizona Attorney General's Office ("Division"), alleging discrimination based on gender identity and sexual orientation. Bruer requested the Division either issue "findings in her favor" or a right-to-sue letter. On the day Bruer submitted the questionnaire, the Division informed her it did not have jurisdiction to process her allegations because sex discrimination under the Arizona Civil Rights Act did not include discrimination based on sexual orientation or gender identity. The Division suggested she contact the Equal Employment Opportunity Commission ("EEOC").

¶3   Bruer eventually filed an employment discrimination charge with the EEOC and received a right-to-sue letter. Bruer then filed a federal lawsuit against her former employer under Title VII of the Civil Rights Act, claiming it discriminated against her based on sex, specifically sexual orientation and gender identity. Ultimately, Bruer and her former employer settled, and jointly stipulated to dismiss her claims—including all state-law claims—against the former employer with prejudice.

¶4   In December 2018, Bruer filed suit against the State, seeking a writ of mandamus compelling the Division to accept her complaint of workplace discrimination, alleging substantive and procedural due process violations, and requesting declaratory relief that sex discrimination under the Arizona Civil Rights Act includes discrimination based on sexual orientation and gender identity. The State filed a motion to dismiss. The superior court granted the motion and dismissed Bruer's mandamus and

due process claims, finding these claims would be "more appropriately resolved through [her] count for declaratory relief . . . ."

**¶5**      The parties then cross-moved for summary judgment on the declaratory relief claim. The superior court granted the State's motion, finding Bruer's claim was moot because, after *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), "the parties have the same interpretation of the law." Although the court had previously dismissed Bruer's mandamus and due process claims, it also granted summary judgment, finding "the underlying action in this matter is moot" because all of Bruer's claims "have been resolved with prejudice against the former employer."

**¶6**      Bruer timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7**      Although the superior court both dismissed and granted summary judgment on Bruer's mandamus and due process claims, we may affirm a superior court if it is correct for any reason. *Federico v. Maric*, 224 Ariz. 34, 36, ¶ 7 (App. 2010). Because mootness is a threshold issue, we affirm the superior court's finding that Bruer's claims are moot.

**¶8**      Whether Bruer's claims are moot is a legal question, which we review de novo. *See Welch v. Cochise Cnty. Bd. of Supervisors*, --- Ariz.---, ---, ¶ 11, 494 P.3d 580, 584 (2021). Likewise, we review an order granting summary judgment de novo. *Jackson v. Eagle KMC LLC*, 245 Ariz. 544, 545, ¶ 7 (2019).

**¶9**      On appeal, Bruer does not contest the superior court's decision that her mandamus and procedural and substantive due process claims are moot. Rather, she argues the underlying merits of these claims, contending sufficient evidence exists to reverse the superior court's dismissal. Because Bruer's claims are moot, we need not reach the merits of these claims.

**¶10**      We have "consistently held that [we] will refrain from considering moot or abstract questions." *Fraternal Order of Police Lodge 2 v. Phx. Emp. Relations Bd.*, 133 Ariz. 126, 127 (1982). A case is moot when its underlying controversy is resolved and "it seeks to determine an abstract question which does not arise upon existing facts or rights." *Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229 (App. 1985) (citations omitted).

**¶11** Here, Bruer's mandamus and due process claims all seek to compel the Division to accept and act on her complaint against a former employer. However, Bruer settled those claims and agreed to dismiss them with prejudice, barring further action. Thus, the Division cannot provide Bruer with additional relief. *See Contempo-Tempe*, 144 Ariz. at 229 (holding a stipulated dismissal rendered the case moot when the only issue remaining was whether appellants had standing to sue); *see also Sedona Private Prop. Owners Ass'n v. City of Sedona*, 192 Ariz. 126, 127, ¶ 5 (App. 1998) ("A case becomes moot when an event occurs which would cause the outcome of the appeal to have no practical effect on the parties.").

**¶12** After *Bostock*, Bruer's declaratory relief claim is also moot because the Division adopted Bruer's interpretation of the statute. "There must be a justiciable issue between the parties before a declaratory judgment will be granted." *Thomas v. City of Phoenix*, 171 Ariz. 69, 74 (App. 1991). Because Bruer is not entitled to any further relief, the propriety of the Division's pre-*Bostock* interpretation of the Arizona Civil Rights Act is a moot abstract question. *See id.* (noting "[c]ourts will not hear cases that seek declaratory judgments that are advisory or answer moot or abstract questions"). And this case does not present an issue capable of repetition but evading review. *Bostock* resolved Bruer's substantive question and any subsequent inconsistent action by the Division will be subject to review. *See id.* at 75 (finding a matter moot when it was "capable of repetition," but there was "no likelihood that such application would evade review").

## CONCLUSION

**¶13** Because Bruer's claims are moot, we affirm the superior court's judgment.

