NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ALFRED PETTERSEN,[1] *Plaintiff/Appellant,*

*v.*

PLEXUS HOLDCO, LLP, et al., *Defendants/Appellees.*

No. 1 CA-CV 22-0141

FILED 01-24-2023

Appeal from the Superior Court in Maricopa County
No.  CV2019-057034
The Honorable Sara J. Agne, Judge
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

The Nathanson Law Firm, Scottsdale
By Philip J. Nathanson
*Counsel for Plaintiff/Appellant*

Osborn Maledon, P.A., Phoenix
By Scott W. Rodgers, Joseph N. Roth
*Counsel for Defendants/Appellees*

---

[1]     On the court's motion, it is ordered amending the caption in this appeal as reflected in this decision. The above-referenced caption shall be used on all other documents filed in this appeal.

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1 Alfred Pettersen appeals from the judgment of the superior court following the dismissal of his complaint against Plexus Holdco, LLP, and other companies (collectively, the defendant companies). For the following reasons, we affirm the superior court's judgment as modified.

## BACKGROUND

¶2 Pettersen had a business relationship with the defendant companies. At some point, the parties had a falling out. Litigation ensued, and their dispute was eventually resolved through a Settlement and Redemption Agreement (the settlement agreement) that became effective December 31, 2016.

¶3 Three years later, Pettersen filed a complaint, alleging the defendant companies failed to reimburse him for income taxes "he became obligated to pay" in 2016—in contravention of an established "procedure" predating the settlement agreement. According to Pettersen, the settlement agreement "w[as] specifically designed to govern [his] relationship with [the defendant companies] on a 'going forward' basis" and did not "deal with past or retrospective reimbursements" owed to him for taxes he paid on income earned in 2016. Apart from seeking tax reimbursements (Count I), Pettersen challenged a K-1 tax form issued by the defendant companies as "factually and legally incorrect." He sought a declaratory judgment to establish "the nature of [his] former and/or current interest" in the defendant companies and asserted the defendant companies may have violated a tax code provision by characterizing their payments to him under the settlement agreement as ordinary income (Count II).

¶4 The defendant companies moved to dismiss the complaint, asserting they "settle[d] all claims and b[ought] back any ownership interest [Pettersen] had" in the companies through the settlement agreement. To support this contention, the defendant companies submitted

a copy of the settlement agreement to the superior court, pointing to these provisions and arguing that they foreclosed both of Pettersen's claims:

> [Pettersen] acknowledges, understands, and agrees that the Redemption completely terminates [his] interest in Plexus and the other [defendant companies], and agrees that from and after the Effective Date: (i) [he] will have no ownership or other interest in Plexus, the other [defendant companies], or the tangible or intangible property used or to be used by Plexus or the other [defendant companies] in their business; and (ii) *[he] will not be entitled to any payments or distributions from Plexus or the other [defendant companies] other than the payments set forth [under] this Agreement.*

Settlement and Redemption Agreement, Redemption of Partnership Interest § 2(f) (emphasis added).

> The Settlement Payments *are payment in full* in exchange for [Pettersen's] (i) agreement to settle the Action in accordance with Section 5, (ii) *release of any and all Claims* in accordance with Section 6, and (iii) ongoing compliance with the restrictive covenants set forth in Section 7. The parties intend that the Settlement Payments will be deductible by Plexus and treated as ordinary income by [Pettersen]. *Plexus will report the Settlement Payments as guaranteed payments on Form K-1 with the Internal Revenue Service for each year in which the Settlement Payments are made.*

Settlement and Redemption Agreement, Tax Matters § 4(a) (emphasis added).

> "<u>Claims</u>" means *all claims and rights from the beginning of time through and including the date of execution of this Agreement*, including but not limited to any and all claims, damages, demands, liabilities, losses, *obligations*, causes, and causes of action *of whatever kind or nature* based on any cause, circumstance, fact, matter, thing, event, act, or failure to act whatsoever, whether arising at law or in equity, whether based on tort, contract, statutory, or common law principles, and whether known, unknown, foreseen, or unforeseen, but does not mean any ongoing contractual rights expressly set forth in this Agreement.

Settlement and Redemption Agreement, Mutual Waivers and Releases of Claims § 6(a)(iii) (emphasis added).

> Plaintiff's Waiver and Release. [Pettersen], on behalf of himself and his affiliates and his marital community, if any, covenants not to sue for, and *waives and releases*, to the maximum extent permitted by law, *all Claims* against the [defendant companies], including, without limitation, all such Claims: (a) asserted in the Action or *that could have been asserted* in the Action; (b) arising out of statements, actions, or omissions of the [defendant companies], including, without limitation, any misstatements, misrepresentations, or omissions in any documents provided to [Pettersen] or his attorneys; (c) *for the payment of money*, property, *other compensation* or amounts, distributions, compensatory damages, liquidated damages, punitive damages, costs, expenses, *expense reimbursements*, disbursements, attorneys' fees, and benefits; . . . (f) based on any federal, state, or local laws, statutes, regulations, and ordinances, including without limitation laws and regulations *relating to tax implications* and securities transactions[.]

Settlement and Redemption Agreement, Mutual Waivers and Releases of Claims § 6(c) (emphasis added).

> [Pettersen] and [the defendant companies] acknowledge and agree that other than as expressly set forth in this Agreement, they have no contractual or other obligations whatsoever to each other going forward with respect to any matter or issue.

Settlement and Redemption Agreement, No Other Obligations § 12.

Apart from asking the superior court to enforce the settlement agreement and dismiss both claims as barred, the defendant companies also contended the claim for declaratory judgment was not ripe and amounted to "a request for an advisory decision to resolve a difference of opinion."

¶5            In response, Pettersen argued that the superior court could not consider the terms of the settlement agreement in ruling on the motion to dismiss without converting the motion to one for summary judgment because he did not attach a copy of the settlement agreement to his complaint. Addressing the ripeness argument, Pettersen asserted that "prematurity" was not a basis to dismiss a claim with prejudice and

4

expressed his "inten[t]" to ask the superior court for leave to amend Count II.

**¶6**          After briefing, the superior court dismissed the complaint with prejudice, finding the settlement agreement: (1) "comprehensive in nature and clear and unambiguous in its language," (2) "resolved all financial issues" between the parties, and (3) "completely terminate[d]" Pettersen's interest in the defendant companies. Noting the defendant companies complied with all obligations under the settlement agreement and citing its "inherent authority to summarily enforce settlement agreements," the superior court dismissed: (1) Count I as foreclosed and (2) Count II for failure to present a "concrete, justiciable controversy."

**¶7**          Pettersen later moved for a new trial and to alter, amend, and vacate the judgment. Finding no cognizable grounds for relief, the superior court denied Pettersen's motions. The superior court entered final judgment, and Pettersen timely appealed.

## DISCUSSION

**¶8**          We review the dismissal of a complaint de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). We accept as true all well-pled factual allegations and reasonable inferences therefrom, *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008), and will affirm only if, as a matter of law, Appellants "would not be entitled to relief under any interpretation of the facts[,]" *Coleman*, 230 Ariz. at 356, ¶ 8 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)). Likewise, we review de novo contract interpretation and the superior court's legal conclusions. *Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 46, ¶ 17 (App. 2010).

### I.     Consideration of the Settlement Agreement and Dismissal of Count I

**¶9**          Pettersen challenges the superior court's consideration of the settlement agreement when ruling on the defendant companies' motion to dismiss. Because he did not append the settlement agreement to his complaint, Pettersen argues the court could not consider the document's contents without converting the motion to dismiss to one for summary judgment. Indeed, characterizing the settlement agreement as merely documenting the defendant companies' purchase of his ownership interests, Pettersen seemingly asserts that the settlement agreement was irrelevant to the matters alleged in the complaint because he did not seek

to "enforce any [of its] terms" or otherwise rely on it to substantiate his claims.

¶10        When evidence extrinsic to the pleadings is offered and relied upon by the superior court in making its ruling, a motion to dismiss is generally treated as a motion for summary judgment. Ariz. R. Civ. P. 12(d) ("If, on a motion [asserting failure to state a claim upon which relief can be granted], matters outside the pleadings are presented to, and not excluded by, the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). An exception to this general rule applies, however, when extrinsic evidence "is integral to, and referenced within" the complaint. *Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 38, ¶ 12 (App. 2018); *see also ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 289, ¶ 7 (App. 2010) ("[E]ven if a document is not attached to the complaint, if it is central to the claim, the court may consider it without converting a motion to dismiss to a motion for summary judgment."). Because a "plaintiff obviously is on notice of the contents of [a] document" cited and discussed in the complaint, the "rationale underlying the conversion rule" — that a plaintiff must be allowed to respond to extraneous material — does not apply. *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64, ¶ 14 (App. 2010). In other words, the need to provide the plaintiff an opportunity to refute the extraneous evidence "is greatly diminished." *Id.*

¶11        In this case, Pettersen's complaint repeatedly cited the settlement agreement. More importantly, the complaint *construed* the settlement agreement, contending that it was "designed to govern" Pettersen's relationship with the defendant companies on a "'going forward' basis" only, not to "deal with past or retrospective disbursements." While the superior court must accept a complaint's well-pled factual allegations as true when considering a motion to dismiss, it need not accept the complaint's legal conclusions. *In re ABB Tr.*, 251 Ariz. 313, 317, ¶ 19 (App. 2021) (when considering motion to dismiss, court does not accept as true allegations amounting to conclusions of law). Given the centrality of the extraneous evidence to the complaint, the superior court properly considered the settlement agreement when ruling on the defendant companies' motion to dismiss without treating the motion as one for summary judgment.

¶12        To the extent Pettersen also challenges the superior court's finding that the settlement agreement foreclosed his claim for tax reimbursement, we find his objection without merit. The plain,

unambiguous language of the settlement agreement clearly states that Pettersen, upon signing the document, released "any and all claims" from "the beginning of time through and including the date" the parties executed the settlement agreement, to payment or monies "of whatever kind or nature," including reimbursements or disbursements "relating to tax implications," except for those specifically provided for in the settlement agreement. Settlement and Redemption Agreement, §§ 2(f), 4(a), 6(a)(iii), 6(c), 12. Without question, the settlement agreement does not require the defendant companies to reimburse Pettersen for his 2016 income tax obligations. As a result, and contrary to Pettersen's argument, the settlement agreement bars his claim for tax reimbursements and distributions. The superior court properly dismissed Count I with prejudice.

## II.      Dismissal of Count II

¶13        Pettersen next challenges the superior court's dismissal of his declaratory judgment claim, arguing a dismissal *with prejudice* on ripeness or prematurity grounds was improper. This argument mischaracterizes the superior court's ruling.

¶14        In dismissing the complaint, the superior court explained that the settlement agreement's "plain language ma[de] clear that [Pettersen] has no legal or financial interest in [the defendant companies] as of the effective date[.]" We agree. The settlement agreement's unambiguous language permits no other construction: "[Pettersen] acknowledges, understands, and agrees that the Redemption completely terminates [his] interest in Plexus and the other [defendant companies.]" Settlement and Redemption Agreement, § 2(f). As a result, the settlement agreement forecloses Pettersen's petition for a declaratory judgment about the scope of his interest in the defendant companies. Likewise, Pettersen's petition for a judgment declaring that the defendant companies' payments to him under the settlement agreement were improperly characterized as ordinary income is also foreclosed: "The parties intend that the Settlement Payments will be deductible by Plexus and treated as ordinary income by [Pettersen]." Settlement and Redemption Agreement, § 4(a). Given the settlement agreement's clear and unambiguous terms, the superior court did not err by dismissing these facets of Pettersen's declaratory judgment claim with prejudice.

¶15        The remaining question is whether the superior court properly dismissed with prejudice Pettersen's challenge to the K-1 tax form issued by the defendant companies. The superior court found Pettersen's

"request[]" that the court "declare what is 'factually and legally incorrect' on the K-1 tax form" failed to present a "concrete, justiciable controversy."

¶16        "For a court to grant declaratory judgment, a justiciable controversy must exist." *Hunt v. Richardson*, 216 Ariz. 114, 125, ¶ 37 (App. 2007). "A justiciable controversy exists if there is an assertion of a right, status, or legal relation in which the plaintiff has a definite interest and a denial of it by the opposing party." *Id.* (internal quotation omitted). "The controversy, however, must be real, not merely theoretical." *Id.*; *see also Rogers v. Bd. of Regents of Univ. of Ariz.*, 233 Ariz. 262, 268, ¶ 17 (App. 2013) ("When a complaint asserts a claim for declaratory relief, the court looks for affirmative conduct by a party that removes the claim from the realm of mere possibility and creates an actual controversy." (internal quotation omitted)). "Courts will not hear cases that seek declaratory judgments that are advisory or answer moot or abstract questions." *Thomas v. City of Phoenix*, 171 Ariz. 69, 74 (App. 1991) (explaining "[d]eclaratory relief should be based on an existing state of facts, not facts that may or may not arise in the future").

¶17        Consistent with the superior court's finding, we conclude Pettersen's allegations about the K-1 tax form failed to assert a concrete and definite right or interest. Pettersen alleged that the defendant companies' K-1 tax form "*potentially* violated a tax code provision" and "*may* cause" him to pay additional taxes. (Emphasis added.) These allegations are speculative, not actual, cognizable claims. *See Planned Parenthood Ctr. of Tucson, Inc. v. Marks*, 17 Ariz. App. 308, 310 (1972) (explaining a justiciable controversy arises when "adverse claims are asserted upon present existing facts"). Although Pettersen stated his "intent" to seek leave and amend his complaint in response to the motion to dismiss, he failed to do so, either before the superior court's dismissal ruling or in his later motions for a new trial and to alter, amend, or vacate the ruling.

¶18        That said, while the superior court properly dismissed with prejudice Pettersen's requests for a declaratory judgment to establish the nature and scope of his relationship with the defendant companies and declare that the defendant companies improperly characterized their payments to him under the settlement agreement as ordinary income, the court improperly dismissed *with prejudice* Pettersen's allegation that the K-1 tax form issued by the defendant companies is "factually and legally incorrect." Indeed, the defendant companies concede that a dismissal predicated solely on non-justiciability *should be without prejudice*. Therefore, we modify the superior court's dismissal order accordingly. If an actual, cognizable claim for declaratory relief based on the defendant companies'

K-1 tax form arises in the future, Pettersen is not foreclosed from reasserting the claim.[2]

## CONCLUSION

**¶19**        For these reasons, we affirm the superior court's dismissal order but modify the dismissal of Pettersen's claim for declaratory relief concerning the factual and legal correctness of the defendant companies' K-1 tax form to a dismissal without prejudice. The defendant companies request an award of their attorneys' fees and costs on appeal under A.R.S. § 12-341.01, which permits a discretionary award to the successful party in an action arising out of a contract. This dispute arises from the settlement agreement, and the defendant companies are the successful parties on appeal. Therefore, the defendant companies may recover their reasonable attorneys' fees and taxable costs incurred in this appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:         HB

---

[2]        To the extent Pettersen otherwise argues the superior court improperly denied his motion for new trial or to alter, amend, or vacate the judgment, we find his contention without merit.